EZELL, J.,
dissenting.
U respectfully dissent for the following reasons.
The majority bases its position on three (3) things. First, is there a law that prohibits backing on a private or public road? None was placed in evidence and I do not think the court took judicial notice or knowledge of that fact or any statute relating to this violation. Second, there is nothing to establish that the road that was backed down was a public road and there is also nothing in the record that proves the area where the Defendant had parked was private property or that a trespassing sign was present.
It is clear that the agent was familiar with the area but that is not enough to give the agent the right to detain the individual and question them without giving them their rights under Miranda.
There is nothing in the record showing that the Defendant was found guilty of either of the criminal acts that the agent used as a basis for detaining and questioning the Defendant.
There is no additional evidence in the record with regard to trespassing; the crime for which the Defendant was detained or the reason for the investigative stop. Likewise, there is no testimony or evidence to the illegality of backing down the road.
|2The law at the time of this arrest in regard to trespassing is clearly set forth in State of Louisiana v. Ronald Depass, 585 So.2d 1215 (La.1991), wherein the basis for arrest was trespassing! As in this case, the Defendant had every right to pull their vehicle off the roadway and there is no evidence that the area where his vehicle was parked was posted with signs.
I am sure the agent knew a great deal about the area, but the law cannot overreach and in this case the boundary has been breached.
For these reasons, I dissent.